**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FASIL AREGA,
Petitioner-Appellant,

v.

No. 98-1051

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent-Appellee.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A74-290-905)

Submitted: June 2, 1998

Decided: July 28, 1998

Before ERVIN, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William H. Rhodes, Arlington, Virginia, for Appellant. Frank W.
Hunger, Assistant Attorney General, David V. Bernal, Assistant
Director, Brenda E. Ellison, Senior Litigation Counsel, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUS-
TICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fasil Arega petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

To establish eligibility for a grant of asylum, an alien must demonstrate that he is a refugee within the meaning of the Immigration and Nationality Act ("the Act"). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998). Fears which may be well-founded, but do not arise on account of an applicant's race, religion, nationality, membership in a social group, or because of political opinion, do not qualify an alien as a refugee. See Matter of Mogharrabi, 19 I. & N. Dec. 439, 447 (BIA 1987).

For a claim of persecution based on political opinion to succeed, the record must compel the conclusion that the alien has expressed a political opinion, and that the alien has a well-founded fear of persecution specifically because of the political opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 481-83 (1992); Chen Zhou Chai v. Carroll, 48 F.3d 1331, 1342-43 (4th Cir. 1995). Evidence of past persecution raises a rebuttable presumption that an alien has reason to fear future persecution. The alien bears the burden of proving that he is a refugee as defined by the Act. See 8 C.F.R. § 208.13(a) (1997).

The well-founded fear of persecution standard contains both an objective and a subjective element. The subjective element requires a genuine fear on the part of the alien. See Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of

2

specific, concrete facts which would lead a reasonable person in like circumstances to fear persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992); M.A. v. INS, 899 F.2d 304, 311 (4th Cir. 1990). The alien does not need to show that he would be singled out individually if he can show: (1) a pattern or practice of persecuting groups of persons similarly situated and (2) his own identification with such a group such that his fear of persecution upon return is reasonable. See 8 C.F.R.§ 208.13(b)(2) (1997).

We must uphold the Board's determination that Arega is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994).* We accord the Board all possible deference. See Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by[Arega] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Elias-Zacarias, 502 U.S. at 481. This court reviews the Board's determination under the deferential substantial evidence standard. See Elias-Zacarias, 502 U.S. at 481.

Arega, who entered the United States with a non-immigrant visa in February 1995, disagrees with the Board's finding that he failed to qualify for asylum and withholding of deportation. After a thorough review of the administrative record, we conclude that substantial evidence supports the Board's finding that Arega did not satisfy his statutory burden.

Evidence established that Arega, a native and citizen of Ethiopia, worked for six years as the official driver for General Mulugeto Hagos, a high ranking official in the Mengistu regime. Following the violent overthrow of the Mengistu regime in May 1991, Arega was imprisoned for seven months because of his ties to General Hagos. During his imprisonment he was questioned, interrogated, and tor-

_____

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform Immigrant Responsibility Act of 1996, Pub. L. No. 104-128, 110 Stat. 3009 (IIRIRA), effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

tured. Following his release from prison, Arega and his wife became active members in the All Amhara People's Organization (AAPO), an organization founded to protest the mistreatment of ethnic Amharas. Around this same time Arega obtained a passport and started an import-export business which required him to travel outside of Ethiopia on a regular basis. In December 1993 Arega was arrested during an AAPO demonstration and detained for eleven days. Sometime thereafter, Arega was forced to terminate his import-export business because the Transitional Ethiopian Government no longer permitted him to travel outside the country. In September 1994, a warrant was issued for Arega's arrest because of his political activities. He then went into hiding, and eventually bribed officials in order to obtain an exit visa.

Arega takes issue with the IJ and Board's negative credibility finding, contending that he suffered past persecution and has a well-founded fear of persecution in Ethiopia. He also asserts that he has demonstrated a pattern of persecution by the Transitional Ethiopian Government targeting similarly situated individuals of the Amhara ethnic group who are members of the AAPO.

We find that substantial evidence supports the Board's finding that Arega was ineligible for a grant of asylum. The Board correctly noted that any fear of persecution Arega expresses based on his seven month imprisonment stemming from associations with the Mengistu regime does not serve to qualify him as a refugee. See Matter of Mogharrabi, 19 I. & N. Dec. at 447. The Board recognized that Arega's testimony at his asylum hearing included graphic details of inhumane treatment he suffered while imprisoned that he neglected to state in his affidavit accompanying his asylum application. The inconsistencies between Arega's asylum application and his testimony support the Board's negative credibility finding. In addition, Arega's failure to provide any evidence corroborating his claim that he was beaten while detained for his AAPO activities further serves to undermine his credibility. Finally, the record contains reports from both governmental and non-governmental agencies suggesting that the Transitional Ethiopian Government has not engaged in a pattern or practice of persecuting members of the AAPO. Although the group is recognized as an outspoken critic of the Transitional Government, the reports indicate that AAPO members are permitted to protest the

4

government so long as they do not advocate violent or illegal activities.

Arega also insists he qualified for withholding of deportation. The standard for withholding of deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. Because substantial evidence supports the Board's finding that Arega is ineligible for asylum, he cannot meet the higher standard for withholding of deportation.

Accordingly, we affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5